IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
MIDLAND-ODESSA DIVISION

**JERRY DEBORD, Individually and on**                        **PLAINTIFF**
**Behalf of Others Similarly Situated**

vs.                               No. 7:17-cv-215

**TEXAS CES, INC., and TEXAS CES, INC., d/b/a**
**FELDERHOFF BROTHERS DRILLING SERVICES**        **DEFENDANTS**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES NOW Plaintiff Jerry DeBord, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, for his Original Complaint—Collective Action against Defendant Texas CES, Inc., and Texas CES, Inc., d/b/a Felderhoff Brothers Drilling Services (collectively "Defendants"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiff Jerry DeBord on behalf of himself and on behalf of other similarly situated persons employed by Defendants at any time within the three-year period preceding filing of this Complaint.

2. Plaintiff alleges that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*., when Defendants failed to pay Plaintiff and others similarly situated overtime premiums for hours worked in excess of forty (40) per week when they were employed as "Safety Coordinators."

3. Plaintiff likewise alleges that Defendants violated the FLSA when Defendants failed to pay Plaintiff and others similarly situated lawful overtime premiums for hours worked in excess of forty (40) per week when they were employed as "Roughnecks."

4. Plaintiff details two Section 216 classes. The first class is composed entirely of employees who are or were salaried oilfield Supervisors and/or Coordinators for Defendants, who, during the applicable time period, work/worked for Defendants and are/were misclassified as salaried employees and thus were denied their fundamental rights under applicable federal wage and hour laws (the "Salary Class"). This collective action seeks the unpaid wages and other damages owed to these workers.

5. The second Section 216 class is composed entirely of employees who are or were hourly-paid Roughnecks for Defendants, who, during the applicable time period, work/worked for Defendants and did not receive overtime premiums on bonuses paid by Defendants and thus were denied their fundamental rights under applicable wage and hour laws (the "Hourly Class").

6. Plaintiff brings this action under the FLSA for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including a reasonable attorney's fee, as a result of Defendants' common policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours worked in excess of forty (40) in each week that they were/are made to work.

7. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendants have willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II.  JURISDICTION AND VENUE

8. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

9. The acts complained of herein were committed and had their principal effect within the Midland-Odessa Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III.  THE PARTIES

10. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

11. Plaintiff Jerry DeBord is a resident and citizen of Midland County.

12. Plaintiff's employment began with Defendants or their predecessor around April of 2013. At all times relevant herein, Plaintiff was an "employee" as defined by the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

13. Defendant Texas CES, Inc., is a domestic for-profit corporation organized under the laws of Texas, registered to conduct business in Texas, and may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

14. Defendant Texas CES, Inc., d/b/a Felderhoff Drilling Brothers Services, is an assumed name for Defendant Texas CES, Inc., a domestic for-profit corporation organized under the laws of Texas, registered to conduct business in Texas, and may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136.

15. Defendants employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks in the year of the wrongful acts.

## IV. REPRESENTATIVE ACTION ALLEGATIONS

16. Plaintiff Jerry DeBord brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated Supervisors and/or Coordinators who were or are employed by Defendants and were not paid overtime premiums at any time within the applicable statute of limitations period.

17. Plaintiff likewise brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all similarly situated Roughnecks who were or are employed by Defendants and were not paid lawful overtime premiums at any time within the applicable statute of limitations period.

18. Plaintiff is unable to state the exact number of the classes. Defendants can readily identify the members of each class, who are a certain portion of the current and former employees of Defendants.

19. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

20. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable

FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

21.     Supervisors and/or Coordinators and Roughnecks are by definition not at their residences as frequently as many other working-class Americans.  As such, they rely on email just as much or more so than typical wage earners, who themselves live their lives with a growing dependence upon email as opposed to traditional U.S. Mail.

22.     The proposed Salary Class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

23.     The proposed Hourly Class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' failure to pay members of the class lawful overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

24.     Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in classes are properly defined as:

> **All persons employed by Defendants as Salaried Supervisors and/or Coordinators at any time in the three years preceding the filing of this Complaint.**
>
> **All persons employed by Defendants as Hourly Roughnecks at any time in the three years preceding the filing of this Complaint.**

## V. FACTUAL ALLEGATIONS

25.     Plaintiff repeats and re-alleges all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

26. Plaintiff was an employee of Defendants within the last three years.

27. At all times relevant to this Complaint, Defendants have been an employer and an enterprise engaged in commerce within the meaning of the FLSA. Defendants have employees engaged in interstate commerce.

28. Defendants have an annual gross volume of sales made or business done of not less than $500,000.00. In addition, at all times hereinafter mentioned, Plaintiff was engaged in commerce as required by 29 U.S.C. §§ 206-207.

29. From around April of 2013 through around June of 2014, then again from around January of 2015 through around March of 2015, Plaintiff was employed by Defendants as a Roughneck and was paid an hourly wage with overtime premiums plus non-discretionary bonuses.

30. However, Defendants did not include the bonuses of Plaintiff and other similarly situated employees into their regular rate when calculating their overtime pay.

31. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime must be based."

32. Defendants violated the FLSA by not including Plaintiff's and other similarly situated employees' bonuses into their regular rate when calculating their overtime pay.

33. From around June of 2014 through around January of 2015, Plaintiff was employed by Defendants as a Supervisor and Coordinator and was paid a salary plus non-discretionary bonuses, but did not receive overtime compensation for all hours worked in excess of forty (40) in a workweek.

34. Plaintiff routinely worked in excess of forty (40) hours per week.

35. Defendants violated the FLSA by failing to pay Plaintiff and similarly situated Safety Coordinators overtime premiums for all hours worked in excess of forty (40) per week.

36. As a Supervisor and Coordinator, Plaintiff's primary job duty was manual labor. He worked on rigs, which involved loading tools, transporting them to the job site, and performing operations at the well site. When the job was completed, Plaintiff transported the equipment back to the shop and ensured that it was ready for the next job.

37. Plaintiff and other Supervisors and Coordinators were not required to have any special education or specialized knowledge to perform their jobs.

38. Defendants' Supervisors and Coordinators, including Plaintiff, were required to be physically fit and strong enough to perform the manual labor required by their primary job duties.

39. Plaintiff and the other Supervisors and Coordinators were and are entitled to one and one-half times their regular rate of pay for hours worked in excess of forty (40) in a week.

40. Defendants knew, or showed reckless disregard for whether, the way they paid Plaintiff and their other Supervisors and Coordinators and Roughnecks violated the FLSA.

41. Defendants' Supervisors and Coordinators and Roughnecks routinely use hard hats, drilling equipment, lubricators, ladders, wrenches, and other tools, in performing their job duties. Thus, Defendants' employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

## VI.  FIRST CAUSE OF ACTION
### (Collective Action Claim for Misclassification Violation of the FLSA)

42. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

43. Plaintiff brings this collective action on behalf of all similarly situated persons who were or are employed by Defendants as Supervisors and Coordinators at any time within the applicable statute of limitations period and were not paid overtime premiums for all hours worked in excess of forty (40) per week.

44. Plaintiff and all other similarly situated Supervisors and Coordinators were non-exempt employees entitled to overtime premiums for all hours worked in excess of forty (40) hours per week.

45. Plaintiff and other Supervisors and Coordinators regularly worked more than 40 hours per week.

46. Defendants failed to pay these workers overtime. Instead, Defendants paid (and pays) Plaintiff and all similarly situated employees a salary plus non-discretionary bonuses.

47. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

48. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## VII. SECOND CAUSE OF ACTION
### (Collective Action Claim for Overtime Violation of the FLSA)

49. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

50. Plaintiff brings this collective action on behalf of all similarly situated persons who were or are employed by Defendants as Roughnecks at any time within the applicable statute of limitations period and were not paid lawful overtime premiums for all hours worked in excess of forty (40) per week.

51. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including Plaintiff's and other similarly situated employees' bonuses into their regular rate when calculating their overtime pay.

52. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

53. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff and all those similarly situated for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## VIII. THIRD CAUSE OF ACTION
### (Individual Claim for Misclassification Violation of the FLSA)

54. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

55. As a Supervisor and Coordinator for Defendants, Plaintiff was a non-exempt employee entitled to overtime premiums for all hours worked in excess of forty (40) hours per week.

56. Plaintiff regularly worked more than forty (40) hours per week.

57. Defendants failed to pay Plaintiff overtime premiums. Instead, Defendants paid Plaintiff a salary plus non-discretionary bonuses.

58. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

59. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## IX. FOURTH CAUSE OF ACTION
### (Individual Claim for Overtime Violation of the FLSA)

60. Plaintiff repeats and re-alleges all previous paragraphs of this Original Complaint as though fully incorporated herein.

61. Defendants violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including Plaintiff's bonuses into his regular rate when calculating his overtime pay.

62. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

63. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiff for monetary damages, liquidated damages, and costs, including attorney's fees, for all violations that occurred in the three years prior to the filing of this Complaint.

## X. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Jerry DeBord, individually and on behalf of all others similarly situated, respectfully prays as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That Defendants be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, both classes of all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(g) Judgment for damages in an amount in excess of $50,000.00, plus interest, for liquidated damages as that term is defined in 29 U.S.C. § 2617.

(h) An order directing Defendants to pay Plaintiff and members of the Class prejudgment interest, a reasonable attorney's fee and all costs connected with this action;

(i) Reservation of the right to amend this Complaint as provided by law; and

(j) Such other and further relief as this Court may deem necessary, just and proper.

          Respectfully submitted,

          **JERRY DEBORD, Individually and on behalf of all Others Similarly Situated, PLAINTIFF**

          SANFORD LAW FIRM, PLLC
          One Financial Center
          650 South Shackleford Road, Suite 411
          Little Rock, Arkansas 72211
          Telephone:  (501) 221-0088
          Facsimile: (888) 787-2040

By:    */s/ Josh Sanford*
          Josh Sanford
          Texas Bar No. 24077858
          josh@sanfordlawfirm.com